

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 28, 1993

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-224

Re: Whether the Harris County Bail Bond Board is authorized to issue more than one bail bond license to a corporate surety, and related question (RQ-463)

Dear Mr. Driscoll:

On behalf of the Harris County Bail Bond Board (the "board"), you have asked two questions relating to corporate sureties licensed to act as bail bondsmen. First, you ask whether the board is authorized to issue more than one license to a corporate surety. Second, you ask if a corporate surety is entitled to cast multiple votes in the election of the bail bondsmen's representative to the board.

A bail bond board has only those powers expressly conferred upon it by statute, together with those powers necessarily implied from powers or duties expressly provided. Attorney General Opinion JM-471 (1986) at 4 (citing cases). The board is established pursuant to article 2372p-3, V.T.C.S. (the "act"). In a county with a bail bond board governed by article 2372p-3, no person may act as a bondsman except an attorney who meets certain requirements or "persons licensed under [the act]." V.T.C.S. art. 2372p-3, § 3(a). The term "person" means "an individual or corporation." *Id.* § 2(1). The general licensing requirements, for both individuals and corporations, are set forth in section 6. *See id.* §§ 6, 7(a).

Section 7 of the act sets forth the conditions under which a corporation may act as surety. Section 7(a) requires that before acting as a surety, a corporation must obtain a license under section 6. *See id.* § 7(a) (a corporate surety must comply with the requirements of section 6 with the exception of subpart (g)). Section 7(c) provides as follows:

> Any corporation which acts as a surety shall, before executing any bail bond, first file in the office of the county clerk of the county where such bail bond is given a power of attorney designating and authorizing the named agent of such corporation to execute such bail bonds by such agent. This power of attorney shall be a valid and

> binding obligation of the corporation. *A separate license is required for each agent operating under a corporate power of attorney.*

*Id.* § 7 (emphasis added).

Section 7(c) clearly contemplates that a corporate surety may designate more than one local agent to act on its behalf under a power of attorney. *See* Attorney General Opinion JM-471 at 4 (noting that "the act [does not] limit the number of persons who may be designated as agents by a corporate surety"). In addition, it clearly requires that each of these agents must be separately licensed. Attorney General Opinion MW-507 (1982) at 3 (noting that section 7(c) "clearly requires a separate license for each agent executing bail bonds on behalf of the corporate surety"). The question is whether this licensing requirement contemplates that a designated agent is licensed in his or her own right, or merely as an agent of the corporation. We believe the statute contemplates the latter for the following reasons.

As noted above, section 6 sets forth the application requirements for licensees. Upon notice from the board that an application has been tentatively approved, an applicant must furnish security. *See* V.T.C.S. art. 2372p-3, § 6(f). While many of the application requirements are the same for both individual and corporate applicants, the security requirements for corporate applicants are different. *Id.* §§ 6(f), 7(a) (a corporate surety must comply with the requirements of section 6 with the exception of subpart (g)). An individual applicant is required to deposit a cashier's check, certificate of deposit, cash or cash equivalent with the county treasurer, or execute in trust to the board deeds to real property. *See* V.T.C.S. art. 2372p-3, § 6(f). We do not believe that the act requires an individual who merely acts as the designated agent of a corporate surety to furnish such security.[1] Such a requirement would serve no purpose because the corporate surety itself must be licensed by virtue of section 7(a) and therefore will have already posted its own security under section 6(f), and because the designated agent merely executes bail bonds on behalf of the corporate surety, not in his or her individual capacity. Of course, a designated agent is subject to all the other licensing requirements of section 6, and his or her application must be separately considered and approved by the board.[2]

For the foregoing reasons, we conclude that the act requires a corporate surety to obtain a license for each of its designated agents in his or her capacity as a designated

---

[1] We do not address what security a corporate surety must furnish for the application of an agent.

[2] In Attorney General Opinion JM-471, this office addressed whether a corporate surety which wished to replace one of its designated, licensed agents with a new, unlicensed agent could substitute the new agent's name on the former agent's license. This office concluded that "[i]n view of the detailed scrutiny of the applicant's personal qualifications for licensing which [the act] requires," a bail bond board was not authorized to substitute the name of a person not yet licensed for the name of an unlicensed person. *See* Attorney General Opinion JM-471 at 4.

agent.[3]   Accordingly, we conclude that the act impliedly authorizes the board to issue multiple licenses to a corporate surety.  To the extent any of our prior opinions suggest to the contrary, they are overruled.

You also ask if a corporate surety is entitled to cast multiple votes in the election of the bail bondsmen's representative to the board.  The membership of the board is governed by section 5 of the act which provides that the board shall be composed of a number of local officials and "a licensed bondsman, licensed in the county, *elected by other county licensees.*"  *Id.* § 5(b)(6) (emphasis added).  We believe that although a corporate surety may have multiple licenses for designated agents, this would not entitle the corporate surety to multiple votes.  Nothing in this provision suggests that a licensee would be entitled to more than one vote.  Furthermore, we do not believe that an individual licensed as a designated agent would be entitled to separately cast a vote because such a licensee is not licensed in his or her own right.  Therefore, we conclude that a corporate surety is entitled to cast only one vote.

## S U M M A R Y

Article 2372p-3, V.T.C.S., authorizes the Harris County Bail Bond Board to issue multiple licenses to a corporate surety.  In an election of the bail bondsmen's representative to the board, a corporate surety is entitled to cast only one vote.

Very truly yours,

DAN  MORALES
Attorney General of Texas

---

[3] An individual who is licensed only in his or her capacity as a designated agent is not licensed to execute bail bonds in his or her individual capacity, or in any capacity other than as designated agent for the corporate surety who obtained the agent's license.  We also note that nothing in section 7(c) would prevent a corporate surety from designating as agent an individual who is a licensed bondsman in his or her individual capacity, but this is certainly not required.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General